UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEST BEND INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24 CV 1010 RWS |
| ) | |
| ARIANA SILVER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before me upon a review of the file. Plaintiff West Bend Insurance Company brings this declaratory judgment action requesting that I find and declare that a certain policy of insurance provides no coverage to defendant Ariana Silva relating to a negligence claim brought against her in a pending state-court case; that West Bend has no duty to defend or indemnify Silver in that pending state-court case or in any other action against her arising out of the conduct alleged in that case; and that West Bend has no duty to satisfy any judgment that may be entered against Silver in that pending state-court case or in any other action arising out of the conduct alleged in that case. Because this declaratory judgment action does not present a controversy appropriate for judicial determination, I will dismiss the matter without prejudice for lack of subject-matter jurisdiction.

Dismissal of an action is appropriate if the Court does not have subject-matter jurisdiction over a claim. *Croyle ex rel. Croyle v. United States.*, 908 F.3d 377, 380 (8th Cir. 2018); Fed. R. Civ. P. 12(h)(3). "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). Federal courts are courts of limited jurisdiction and cannot hear a claim unless specifically authorized by the Constitution or a federal statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004).

The party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). "It is to be presumed that a cause lies outside [of the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Because declaratory judgment is a procedural remedy set forth by federal statute, federal law guides the Court's jurisdictional analysis." *Federal Ins. Co. v. Sammons Fin. Grp., Inc.*, 595 F. Supp. 2d 962, 971 (S.D. Iowa 2009) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 680 (1950)). "The

controversy requirement of the Declaratory Judgment Act is synonymous with that of Article III of the Constitution." *Carson v. Pierce,* 719 F.2d 931, 933 (8th Cir. 1983) (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-40 (1937)).

In the context of a declaratory judgment action, Article III requires a plaintiff to allege facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941)). A dispute that forms the basis for declaratory relief must be ripe to constitute an "actual controversy." *Id.* "Whether the factual basis of a declaratory judgment action is hypothetical – or, more aptly, too hypothetical – for purposes of the ripeness doctrine (and concomitantly Article III) is a question of degree." *Public Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo.,* 401 F.3d 930 (8th Cir. 2005) (citing *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.,* 234 F.3d 1032, 1037-38 (8th Cir. 2000)).

As is relevant to West Bend's claims here, an insurer may bring a declaratory judgment action to determine whether it has a duty to defend or indemnify its insured so long as there appears to be a disputed coverage issue of sufficient imminency to constitute an actual controversy. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227 (1937). Where an insured has "made a clear demand for

payment of defense and indemnity costs . . . and [the insurer] disputed those demands, there is a live justiciable controversy between the parties sufficient to invoke jurisdiction of the district court." *Aetna Cas. & Surety Co. v. General Dynamics Corp.,* 968 F.2d 707, 711 (8th Cir. 1992) (citing *Aetna Life Ins. Co.,* 300 U.S. at 227). Similarly, when "[t]he lines are drawn [and] the parties are at odds, the dispute is real." *Capitol Indem. Corp. v. Miles,* 978 F.2d 437, 438 (8th Cir. 1992). Accordingly, "a coverage dispute can form the basis for a declaratory judgment action *when the insured has made a demand for defense, indemnity, or other payment under a policy*, thereby requiring the insurer to choose between acquiescing to the demand or risking greater liability by refusing coverage." *Century Indem. Co. v. Anheuser-Busch, Inc.*, No. 4:11-CV-1097 (CEJ), 2012 WL 919008, at *3 (E.D. Mo. Mar. 19, 2012) (citing *Federal Ins. Co.*, 595 F. Supp. 2d at 972) (emphasis added).

Here, West Bend's complaint for declaratory judgment fails to establish a justiciable case or controversy. Although West Bend asserts that coverage for Silver does not exist under the policy for the conduct alleged in the underlying state-court case, it does not allege that Silver made any demand under the policy for West Bend to either defend, indemnify, or satisfy any potential judgment in that case. Instead, West Bend simply asks me to find that there is no coverage under the policy. This appears to be a request that I give an advisory opinion on an abstract, hypothetical, or contingent question – a power that I do not have, even in

a declaratory judgment action.  *Alabama State Fed'n of Labor, Local Union No. 103, United Bhd. of Carpenters & Joiners of Am. v. McAdory*, 325 U.S. 450, 461 (1945).  West Bend's bare assertion that "litigation over this controversy is imminent and inevitable" (ECF 1 at ¶ 12) does not change the hypothetical and speculative nature of its request given there is no allegation that a demand has been made, thereby placing West Bend in a position to accede to the demand or risk injury.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (for a threatened injury to be imminent, it must be "*certainly impending*"); *Graves v. Missouri Dep't of Corr., Div. of Prob. & Parole*, 630 S.W.3d 769, 774 (Mo. 2021) (not yet evident that defendant will take any concrete or imminent action against plaintiff; mere allegation that defendant "*will take such action* is speculative and hypothetical and, therefore, not ripe.").  Asking the Court to determine whether there is policy coverage when no claim under the policy has yet been made or coverage demanded is a request for an advisory opinion as to the validity of a possible defense to a potential claim or demand.  "Such a suit does not merely allow the resolution of a 'case or controversy' in an alternative format, but rather attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense."  *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (internal citations omitted).

"A coverage dispute can form the basis for a declaratory judgment action when the insured has made a clear demand for defense, indemnity, or other

payment under a policy." *Zurich Am. Ins. Co. v. Fluor Corp.*, No. 4:16CV00429 ERW, 2019 WL 4750459, at *4 (E.D. Mo. Sept. 30, 2019). *Cf. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937) (definite and concrete dispute existed in declaratory judgment action given adverse position of parties, where the insured presented a claim as required by the insurance policies of a "present, specific right" and the insurance company made an "equally definite claim" that it had no obligation under the policies). Because West Bend's complaint for declaratory judgment does not contain an allegation that Silver has demanded a defense, indemnity, or other payment from West Bend under the relevant policy, I cannot find that West Bend has satisfied its burden of proving the requisite jurisdictional facts to support a justiciable case or controversy.[1] I will therefore dismiss West Bend's complaint for declaratory judgment for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff West Bend Insurance

---

[1] Indeed, given that the underlying state-court action remains pending and no judgment has been entered, *see K.R.G.. v. Brighter Day Care & Preschool, Inc., and Ariana Silver*, No. 24SL-CC01334 (21st Jud. Cir. 2024), West Bend's requests that I declare it has no duty to indemnify or to satisfy a potential judgment are themselves plainly not ripe for adjudication. "[A] duty to indemnify only arises after the suit by the third party is successful and the insurer becomes obligated to pay the resulting judgment." *American Strategic Ins. Corp. v. Goodell*, 662 F. Supp. 3d 1012, 1019 (W.D. Mo. 2023) (internal quotation marks and citations omitted). *See also Amerisure Mut. Ins. Co. v. Paric Corp.*, No. 4:04CV430 DJS, 2005 WL 2708873, at *9 (E.D. Mo. Oct. 21, 2005) ("A finding in the underlying actions that [the defendant] is not liable would make this Court's determinations as to the duty to indemnify merely advisory opinions.").

Company's complaint for declaratory judgment is **DISMISSSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

A separate Order of Dismissal is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2024.